**[J-20-2025] [MO: Brobson, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| PUNXSUTAWNEY HUNTING CLUB, INC., AND PITCH PINE HUNTING CLUB, INC., | : | No. 23 WAP 2023 |
| | : | |
| | : | Appeal from The Order of the |
| Appellants | : | Commonwealth Court entered |
| | : | September 29, 2023, at No. 456 |
| | : | MD 2021. |
| v. | : | |
| | : | ARGUED: April 9, 2025 |
| | : | |
| PENNSYLVANIA GAME COMMISSION, AND | : | |
| MARK GRITZER, IN HIS OFFICIAL | : | |
| CAPACITY AS AN OFFICER OF THE | : | |
| PENNSYLVANIA GAME COMMISSION, | : | |
| | : | |
| Appellees | : | |

**CONCURRING OPINION**

**JUSTICE MUNDY**                    **DECIDED: JULY 21, 2026**

In *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020), a majority of this Court overruled our prior holding in *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014), rejecting the federal automobile exception to the warrant requirement. In so doing, the Court held that Article I, Section 8 of the Pennsylvania Constitution affords greater protection than the Fourth Amendment and requires both a showing of probable cause and exigent circumstances to justify a warrantless search of an automobile. *Alexander*, 243 A.3d at 181. I dissented from both the decision to overrule *Gary* and the substantive determination that Article I, Section 8 provides greater protection than, and is not coextensive with, the Fourth Amendment. As to overruling *Gary*, I believed the *Alexander* "majority decline[d] to honor the tenets of *stare decisis*, instead opting to impart its desired outcome in the face of a clear rule of law." *Id*. at 215-16 (Mundy, J., dissenting).

Substantively, I agreed with then-Chief Justice Saylor that the protections provided by the Pennsylvania and United States Constitutions "are one in the same, as evidenced by both the text of both passages, as well as this Court's decisions." *Id.* at 218.

I stand by my position in *Alexander*. I also recognize, however, that the holding expressed in *Alexander* is now controlling authority. I further agree with the majority here that *Alexander* recognized "that Article I, Section 8 uses more expansive terminology than its federal counterpart[.]" Maj. Op. at 26. That recognition provides the Court with the justification required to revisit our holding in *Commonwealth v. Russo*, 934 A.2d 1199 (Pa. 2007), which adopted the federal open fields doctrine under Article I, Section 8. A justification that was not present in *Alexander* as there had not been an intervening change in the law that called *Gary* into question.

Considering the post-*Alexander* paradigm, I join the majority's thorough and thoughtful *Edmunds* analysis and agree that Article I, Section 8 "afford[s] greater protection than the Fourth Amendment in the context of open fields." Maj. Op. at 76. This inexorably leads to the conclusion that Sections 303(c) and 901(a)(2) of the Game Code, *see* 34 Pa.C.S. §§ 303(c), 901(a)(2), can no longer withstand constitutional scrutiny. As such, I join the majority opinion in its entirety.

I caution, however, that neither our decision in this case nor *Alexander* itself should be interpreted as holding that Article I, Section 8 provides greater protection than the Fourth Amendment irrespective of the circumstances. *See e.g. Commonwealth v. Kurtz*, 348 A.3d 133, 152-53 (Pa. 2025) (plurality) (declining to find Article I, Section 8 recognizes an expectation of privacy in unprotected internet search engine searches where the Fourth Amendment does not). Thus, every request for this Court to interpret Article I, Section 8 to provide greater protection than, and depart from, its federal counterpart

continues to require the same type of individualized *Edmunds* analysis undertaken in this case. A finding of greater protection should never be presumed.